UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SCOTT JOHNSON,
    Plaintiff,
v.
MONTPELIER ONE LLC,
    Defendant.

Case No. 19-cv-06214-EJD

**ORDER CONVERTING MOTION TO DISMISS FOR MOOTNESS INTO MOTION FOR SUMMARY JUDGMENT AND ALLOWING SUR-REPLY**

Re: Dkt. No. 21

Plaintiff Scott Johnson sues Defendant Montpelier One LLC, the owner of the real property at 2380 Montpelier Drive, San Jose, California, alleging various barriers to accessibility under the Americans with Disabilities Act ("ADA") and California state law. Presently before the Court is Defendant's motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that the ADA claims are moot, that Johnson lacks Article III standing to seek injunctive relief, and that the Court should decline to exercise supplemental jurisdiction over the state law claims. Having reviewed the parties' submissions and the applicable law, the Court finds that Defendant's motion to dismiss on mootness grounds must be converted to a motion for summary judgment. Because Defendant attached additional evidence to its Reply brief, the Court will grant Plaintiff an opportunity to file a Sur-Reply.

**I.   BACKGROUND**

The following allegations derive from the Complaint, Dkt. No. 1 ("Compl."), which generally must be construed as true on a motion to dismiss. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

Case No.: 19-cv-06214-EJD
ORDER CONVERTING MOTION TO DISMISS FOR MOOTNESS INTO MOTION FOR SUMMARY JUDGMENT AND ALLOWING SUR-REPLY
1

1    Plaintiff is a quadriplegic.  Compl. ¶ 1.  As a consequence, he cannot walk, he uses a
2    wheelchair for mobility, and he drives a "specially equipped van." *Id.*  Plaintiff also has
3    "significant manual dexterity impairments." *Id.*

4    Defendant Montpelier One LLC owned the real property located at or about 2380
5    Montpelier Drive in San Jose, California in January and April 2019.  Compl. ¶¶ 2-3.  Plaintiff
6    attempted to visit a chiropractor's office located at 2380 Montpelier Drive ("the Chiropractor") on
7    two occasions, once in January 2019 and once in April 2019.  *Id.* ¶ 9.  During those two visits,
8    Plaintiff personally encountered various barriers to accessibility.  *Id.* ¶ 17.  Specifically, Plaintiff
9    alleges that Defendant (1) "fail[s] to provide accessible parking," (2) "fail[s] to provide accessible
10   door hardware at the Chiropractor," (3) "fail[s] to provide accessible paths of travel leading into
11   the Chiropractor." *Id.* ¶ 12-16.

12   On September 30, 2019, Plaintiff filed the instant action.  Dkt. No. 1.  The operative
13   Complaint contains two counts: (1) violation of the Americans with Disabilities Act, 42 U.S.C.
14   § 12182(a), *see* Compl. ¶¶ 24-34; (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal.
15   Civ. Code §§ 51-53, *see* Compl. ¶¶ 35-39.  Defendant Montpelier One LLC answered the
16   Complaint on November 8, 2019.  Dkt. No. 10.

## II.   DISCUSSION

That brings us to the present motion.  Defendant attests that, following receipt of the Complaint, it voluntarily remedied the three barriers identified therein with the help of a Certified Access Specialist ("CASp"), Steve Moncur.  *See* Mot. at 3; Dkt. No. 21-3 ("Nguyen Decl."). Defendant says that the parties then conducted a joint site inspection (as required by General Order 56) on February 4, 2020.  Dkt. No. 27 ("Reply") at 4.  Defendant specifically avers that "Plaintiff's counsel was accompanied by its expert Tim Wegman and Defendant was accompanied by its expert Steve Moncur, CASp." *Id.*  According to Defendant, the joint site inspection confirmed that Defendant had voluntarily remedied the three barriers identified in the Complaint. Mot. at 3, 6.

1    Accordingly, on March 25, 2020, Defendant moved to dismiss the Complaint pursuant to
2    Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Dkt. No. 21.
3    Defendant argues that the ADA claim (Count 1) must be dismissed as moot or, in the alternative,
4    because Plaintiff has insufficiently pleaded his standing to seek injunctive relief.  *See* Dkt. No. 21-
5    1 ("Mot.") at 6-7.  In the event this Court dismisses Count 1, Defendant asks this Court to decline
6    supplemental jurisdiction over the Unruh Act claim (Count 2), which is a California state law
7    claim.

8    Because a private plaintiff can sue only for injunctive relief under the ADA, a defendant's
9    voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's
10   ADA claim.  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see, e.g.*, *Johnson
11   v. Gallup & Whalen Santa Maria*, No. 17-CV-01191-SI, 2018 WL 2183254, at *4 (N.D. Cal. May
12   11, 2018) ("There can be no effective relief here, where defendants have already removed the
13   architectural barriers that plaintiff identified in the complaint.").  That is because a plaintiff only
14   has Article III standing for injunctive relief if he can "demonstrate a sufficient likelihood that he
15   will again be wronged in a similar way.  That is, he must establish a real and immediate threat of
16   repeated injury."  *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).  The
17   threat of future injury dissipates if the barriers to accessibility have been remediated—particularly
18   where remediation required structural changes that are not reasonably likely to be undone.  *See
19   Johnson v. Holden*, No. 5:18-CV-01624-EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020);
20   *Ramirez v. Golden Creme Donuts*, No. C 12-05656 LB, 2013 WL 6056660, at *2 (N.D. Cal. Nov.
21   15, 2013); *see generally Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S.
22   167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the
23   formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not
24   reasonably be expected to recur.").

25   In this case, Defendant argues that its voluntary remediation of the three barriers at issue—
26   all structural—has mooted Plaintiff's ADA claim.  The Court agrees that if Defendant could

United States District Court
Northern District of California

establish the fact of its remediation, Plaintiff's ADA claim would be moot. The Court is satisfied that Defendant's alleged changes would not be mere "temporary fixes." *Sanchez v. Wendys No. 7421*, No. 819CV00111JLSDFM, 2019 WL 6603177, at *2 (C.D. Cal. Sept. 3, 2019). If the parking, the door hardware, and the paths of travel leading into the Chiropractor have indeed been made ADA-compliant, the complained-of accessibility barriers would be highly unlikely to recur.

As Plaintiff points out, however, Defendant relies upon extrinsic evidence from Steve Moncur, CASp, in order to establish that the barriers no longer exist. *See* Dkt. No. 26 ("Opp.") at 1-3. That is, Defendant brings a factual attack on this Court's jurisdiction to hear Plaintiff's ADA claims. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (distinguishing between factual and facial attacks on jurisdiction).

As a general matter, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. "However, when the jurisdictional issue and the merits are 'intertwined,' or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss." *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039. In this case, the question of whether there are violations of the ADA at the Chiropractor is determinative of both subject matter jurisdiction and the substantive claim for relief. The Court will therefore treat the motion to dismiss for mootness as a motion for summary judgment.[1] *Accord Johnson v. Barrita*, No. C 18-

---

[1] This Court has done so in several prior cases. *See, e.g.*, *Johnson v. Mantena LLC*, No. 5:19-CV-

Case No.: 19-cv-06214-EJD
ORDER CONVERTING MOTION TO DISMISS FOR MOOTNESS INTO MOTION FOR SUMMARY JUDGMENT AND ALLOWING SUR-REPLY
4

06205 WHA, 2019 WL 931769, at *2 (N.D. Cal. Feb. 26, 2019).

Applying the summary judgment standard, Defendant must demonstrate that no genuine dispute of material fact exists that the relevant accessibility barriers do not currently exist. *See Miller*, 993 F.2d at 883. In support of its contention to that effect, Defendant attached a declaration by Steve Moncur to its Motion. *See* Dkt. No. 21-2 ("First Moncur Decl."). Plaintiff responds that this declaration is insufficient to establish that the barriers have been remediated. Opp. at 4-5.

As this Court recently explained, a conclusory declaration "stat[ing] that all ADA violations have remedied, but . . . provid[ing] no exhibits or other evidence to support these statements" is insufficient to support summary judgment on mootness grounds. *Johnson v. Mantena LLC*, No. 5:19-CV-06468-EJD, 2020 WL 1531355, at *2 (N.D. Cal. Mar. 31, 2020); *see also Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 882–83 (N.D. Cal. 2015), *aff'd sub nom. Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017) ("Conclusory opinions that the 'facility is free of non-compliant issues,' or that particular features, e.g., the accessible parking or point of sale, 'comply with all applicable access requirements,'" are "an insufficient basis on which to grant summary judgment."). The declaration must "provide factual support" in order to support a finding that the property has come into compliance with the applicable ADA standards. *Kalani*, 81 F. Supp. 3d at 882 (offering the following example of a properly supported opinion: "the pick-up counter . . . as modified now provides a length of 36 inches and a height of 34 inches, as such it complies with access regulations."). Such factual support is required whether or not the declarant is a CASp-certified expert.

The Court agrees with Plaintiff that, pursuant to the principles just recited, Mr. Moncur's initial declaration is too conclusory to support a finding that Defendant is now in compliance with the ADA. *See* First Moncur Decl. ¶¶ 4-5. However, after Plaintiff raised this objection in his

---

06468-EJD, 2020 WL 1531355, at *3 (N.D. Cal. Mar. 31, 2020); *Johnson v. 1082 El Camino Real, L.P*, No. 5:17-CV-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018).

Opposition, Defendant attached a detailed supplemental declaration from Mr. Moncur to its Reply. *See* Dkt. No. 27-1 ("Supp. Moncur Decl."). In this declaration, Mr. Moncur describes the particular features of each barrier that he examined, the measurements he took and how he took them, and the applicable ADA and California state law standards he applied. *See id.* Mr. Moncur also attached to his declaration photographs of each of the three relevant areas. Dkt. Nos. 27-2, 27-3, 27-4. With this additional factual detail and support, the Court believes that Mr. Moncur's supplemental declaration would be sufficient to meet Defendant's summary judgment burden.

But of course, the supplemental declaration was not included with Defendant's opening brief, as it should have been. "[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Accordingly, Plaintiff shall have the opportunity to respond to the evidence Defendant submitted with its Reply by filing a sur-reply.

In that sur-reply, Plaintiff may also request deferral of the Court's consideration pursuant to Federal Rule of Civil Procedure 56(d). *See* Opp. at 3 n.1. If Plaintiff chooses to do so, it should address why it has a need to "conduct an expert-led site inspection," *id.*, if (as Defendant has asserted) the parties have already conducted a joint site inspection with their respective experts.

Any sur-reply must be filed by **June 24, 2020** and may be no longer than **15 pages.** To accommodate this additional briefing, the motion hearing currently scheduled for June 25, 2020 is hereby CONTINUED to **July 2, 2020.**

**IT IS SO ORDERED.**

Dated: June 17, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 19-cv-06214-EJD
ORDER CONVERTING MOTION TO DISMISS FOR MOOTNESS INTO MOTION FOR SUMMARY JUDGMENT AND ALLOWING SUR-REPLY
6