1
2
3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SCOTT JOHNSON,

         Plaintiff,

    v.

MONTPELIER ONE LLC,

         Defendant.

Case No.  19-cv-06214-EJD

**ORDER RE CONVERTED MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS**

Re: Dkt. No. 21

Defendant Montpelier One LLC was sued by Plaintiff Scott Johnson for failing to ensure the real property at 2380 Montpelier Drive, San Jose, California complied with the accessibility requirements imposed by the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").  This is the Court's second order regarding Defendant's motion to dismiss the suit, which the Court has converted in part into a motion for summary judgment.  *See* Dkt. No. 28.  Plaintiff has now had an opportunity to request deferral of the Court's summary judgment ruling and to respond to the evidence Defendant attached to its Reply brief.  Because Plaintiff has not availed himself of that opportunity, the Court will proceed based on the parties' original submissions.  For the reasons below, the Court will dismiss the ADA claim as moot under the summary judgment standard and then decline supplemental jurisdiction over the Unruh Act claim.

### I.    BACKGROUND

The operative Complaint, Dkt. No. 1 ("Compl."), which was filed on September 30, 2019, alleges the following.

Case No.: 19-cv-06214-EJD
ORDER RE CONVERTED MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS

United States District Court
Northern District of California

1    Plaintiff Scott Johnson is a quadriplegic.  Compl. ¶ 1.  As a consequence, he cannot walk,

2  he uses a wheelchair for mobility, and he drives a "specially equipped van."  *Id.*  Plaintiff also has

3  "significant manual dexterity impairments."  *Id.*

4    Plaintiff attempted to visit a chiropractor's office located at 2380 Montpelier Drive in San

5  Jose, California ("the Chiropractor") on two occasions, once in January 2019 and once in April

6  2019.  Compl. ¶ 9.  During those two visits, Plaintiff personally encountered various barriers to

7  accessibility.  *Id.* ¶ 17.  Specifically, Plaintiff alleges that the property (1) failed and currently fails

8  "to provide accessible parking," (2) failed and currently fails "to provide accessible door hardware

9  at the Chiropractor," and (3) "failed and currently fails "to provide accessible paths of travel

10 leading into the Chiropractor."  *Id.* ¶¶ 12-16.

11   Based on the foregoing, Plaintiff sued Defendant Montpelier One LLC, the owner of the

12 real property at 2380 Montpelier Drive at the time of the visits and at present.  Compl. ¶¶ 2-4; Dkt.

13 No. 10 ("Answer") ¶¶ 2-4.  The Complaint alleges (1) a violation of the Americans with

14 Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), *see* Compl. ¶¶ 24-34, and (2) a violation of the

15 Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53, *see* Compl. ¶¶ 35-39.  As to the

16 ADA claim, Plaintiff requests injunctive relief—the only form of relief the ADA affords private

17 plaintiffs, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); 42 U.S.C. § 12188(a).

18 *See* Compl. at 7.  Plaintiff also seeks an unspecified amount of statutory damages under the Unruh

19 Act, Cal. Civ. Code § 52.  *See id.*

20   On March 25, 2020, Defendant filed a motion to dismiss the entire Complaint pursuant to

21 Federal Rule of Civil Procedure 12(b)(1).  Dkt. No. 21; Dkt. No. 21-1 ("Mot.").  In that motion,

22 Defendant attests that after it received the Complaint, it hired Certified Access Specialist

23 ("CASp") Steve Moncur and voluntarily remedied the three barriers identified therein.  *See id.* at

24 3; Dkt. No. 21-3 ("Nguyen Decl.").  Defendant further avers that the parties conducted a joint site

25 inspection (as required by General Order 56) on February 4, 2020 and that the inspection

26 confirmed Defendant's remediation of the barriers.  Dkt. No. 27 ("Reply") at 4; Mot. at 3, 6.

27
28

1    According to Defendant, "Plaintiff's counsel was accompanied by its expert Tim Wegman and

2    Defendant was accompanied by its expert Steve Moncur, CASp" at the joint site inspection.

3    Reply at 4.

4         Defendant therefore moves for dismissal of the ADA claim (Count 1) as moot, *see Oliver*,

5    654 F.3d at 905 ("Because a private plaintiff can sue only for injunctive relief . . . , a defendant's

6    voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA

7    claim."); it also argues in the alternative that Plaintiff had not sufficiently pleaded his standing to

8    seek injunctive relief.  Mot. at 6-7.  Defendant then asks this Court to decline supplemental

9    jurisdiction over the Unruh Act claim (Count 2), a California state law claim.  *Id.* at 9-11.

10        This Court first considered Defendant's motion in an Order issued on June 17, 2020.  Dkt.

11   No. 28 ("First Order re MTD").  There, the Court determined that Defendant's motion to dismiss

12   the ADA claim for mootness must be treated as a motion for summary judgment.  *Id.* at 4; *see Safe*

13   *Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *accord Johnson v. Barrita*, No. C

14   18-06205 WHA, 2019 WL 931769, at *2 (N.D. Cal. Feb. 26, 2019).  Because Defendant attached

15   new evidence to its Reply and in order to give Plaintiff an opportunity to request deferral of the

16   Court's ruling pursuant to Federal Rule of Civil Procedure 56(d), the Court allowed Plaintiff to

17   file a sur-reply by June 24, 2020.  First Order re MTD at 6.  The deadline has now passed without

18   any such filing by Plaintiff.  Accordingly, the Court will proceed to resolve the motion on the

19   papers before it.  *See* Dkt. No. 21-1 (Mot.); Dkt. No. 26 ("Opp."); Dkt. No. 27 (Reply).

20   **II.    DISCUSSION**

21        The Court first rules on Defendant's mootness argument as to the ADA claim and then

22   turns to Defendant's request that the Court decline supplemental jurisdiction over the Unruh Act

23   claim.

24        **A.    Mootness of the ADA Claim**

25        As explained in the Court's prior Order, a defendant's voluntary removal of alleged

26   barriers prior to trial can moot a plaintiff's ADA claim for injunctive relief.  *See Oliver*, 654 F.3d

27

28   Case No.: 19-cv-06214-EJD
     ORDER RE CONVERTED MOTION FOR PARTIAL SUMMARY JUDGMENT AND
     MOTION TO DISMISS

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    at 905; *Johnson v. Gallup & Whalen Santa Maria*, No. 17-CV-01191-SI, 2018 WL 2183254, at *4

2    (N.D. Cal. May 11, 2018) ("There can be no effective relief here, where defendants have already

3    removed the architectural barriers that plaintiff identified in the complaint.").  In particular, where

4    the remediation required structural changes to the premises, this Court and others have generally

5    been satisfied that the barriers "could not reasonably be expected to recur," *Friends of the Earth,*

6    *Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).  *See, e.g.*, *Johnson v. Holden*,

7    No. 5:18-CV-01624-EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020); *Ramirez v. Golden*

8    *Creme Donuts*, No. C 12-05656 LB, 2013 WL 6056660, at *2 (N.D. Cal. Nov. 15, 2013).  The

9    Court therefore agreed with Defendant "that if Defendant could establish the fact of its

10   remediation"—i.e., that "the parking, the door hardware, and the paths of travel leading into the

11   Chiropractor have indeed been made ADA-compliant"—"Plaintiff's ADA claim would be moot."

12   First Order re MTD at 3-4.

13           Importantly, Defendant must establish those facts under the summary judgment standard.

14   *See* Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is

15   no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

16   law.").  Because Defendant bears the burden of establishing mootness, *see In re Pintlar Corp.*, 124

17   F.3d 1310, 1312 (9th Cir. 1997), it must "affirmatively demonstrate" that there is no genuine

18   dispute that the relevant accessibility barriers no longer exist.  *Soremekun v. Thrifty Payless, Inc.*,

19   509 F.3d 978, 984 (9th Cir. 2007); *see, e.g.*, *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th

20   Cir. 1993).  The Court must view the evidence in the light most favorable to Plaintiff and draw all

21   reasonable inferences in Plaintiff's favor.  *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993,

22   1002 (9th Cir. 2019).

23           This Court's prior Order evaluated the evidence Defendant offers to show that it

24   remediated the accessibility issues identified in the Complaint.  The Court found that the initial

25   declaration from Steve Moncur attached to Defendant's Motion, *see* Dkt. No. 21-2 ("First Moncur

26   Decl."), was "too conclusory to support a finding that Defendant is now in compliance with the

27   Case No.: 19-cv-06214-EJD

28   ORDER RE CONVERTED MOTION FOR PARTIAL SUMMARY JUDGMENT AND
     MOTION TO DISMISS

1  ADA."  First Order re MTD at 5.  That declaration simply stated that "all of the areas identified as

2  architectural barriers alleged by plaintiff have been corrected and are now fully compliant"

3  without describing Mr. Moncur's examination or providing any factual support.  *Accord Kalani v.*

4  *Starbucks Corp.*, 81 F. Supp. 3d 876, 882–83 (N.D. Cal. 2015), *aff'd sub nom. Kalani v. Starbucks*

5  *Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017) ("Conclusory opinions that the 'facility is free of

6  non-compliant issues,' or that particular features, e.g., the accessible parking or point of sale,

7  'comply with all applicable access requirements,'" are "an insufficient basis on which to grant

8  summary judgment.").

9      However, after Plaintiff objected to the conclusory nature of the First Moncur Declaration

10  in his Opposition, *see* Opp. at 4-5, Defendant provided a detailed supplemental declaration from

11  Mr. Moncur in conjunction with its Reply.  *See* Dkt. No. 27-1 ("Supp. Moncur Decl.").  In that

12  declaration, Mr. Moncur describes the particular features of each barrier that he examined, the

13  measurements he took and how he took them, and the applicable ADA and California state law

14  standards he applied.  *See id.*  For example, he states that on February 9, 2020, he "inspected the

15  van and car accessible parking space for length, width and levelness in all directions" and "found

16  the van ADA stall to be 216 inches long and 108 inches wide" in strict compliance with "both

17  California Title 24 11B-502.2 and ADA 2010 design manual 502.2." *Id.* ¶¶ 3-4.  Mr. Moncur also

18  attached to his declaration photographs of each of the three relevant areas.  Dkt. Nos. 27-2

19  (photograph of accessible parking space), 27-3 (photograph of accessible pathway), 27-4

20  (photograph of Chiropractor door).  With this additional factual detail and support, Mr. Moncur's

21  supplemental declaration suffices to support a finding that the relevant barriers are no longer

22  present at 2380 Montpelier Drive.

23      As noted above, the Court specifically invited Plaintiff to rebut or otherwise object to the

24  evidence in the Supplemental Moncur Declaration.  Plaintiff has failed to do so.  Accordingly, the

25  Court will consider the Supplemental Moncur Declaration and concludes that Defendants have

26  shown there is no genuine dispute as to the fact of remediation.  *See Getz v. Boeing Co.*, 654 F.3d

27

28  Case No.: 19-cv-06214-EJD
ORDER RE CONVERTED MOTION FOR PARTIAL SUMMARY JUDGMENT AND
MOTION TO DISMISS

United States District Court
Northern District of California

1    852, 868 (9th Cir. 2011) (no error in district court's reliance on new evidence submitted in reply

2    paper where the party failed to object).  Plaintiff's ADA claim for injunctive relief is thus moot

3    and must be dismissed for lack of jurisdiction.

4    **B.    Supplemental Jurisdiction over Unruh Act Claim**

5        Turning to Plaintiff's Unruh Act claim, this count remains live "[b]ecause a claim for

6    damages under the Unruh Act looks to past harm."  *Arroyo v. Aldabashi*, No. 16-CV-06181-JCS,

7    2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018).  As a state law claim, though, it is before this

8    Court pursuant to the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).  Such

9    jurisdiction is discretionary, *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997),

10   *supplemented*, 121 F.3d 714 (9th Cir. 1997), and Defendant asks the Court to decline to exercise

11   jurisdiction over the Unruh Act claim.  Mot. at 9-11.

12        District courts "may"—and often do—"decline to exercise supplemental jurisdiction" if, as

13   here, they have "dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3).

14   *See, e.g.*, *Oliver*, 654 F.3d at 911; *Yates v. Delano Retail Partners, LLC*, No. C 10-3073 CW, 2012

15   WL 4944269, at *3 (N.D. Cal. Oct. 17, 2012); *R.K., ex rel. T.K. v. Hayward Unified Sch. Dist.*,

16   No. C 06-07836 JSW, 2008 WL 1847221, at *2 (N.D. Cal. Apr. 23, 2008).  As the Supreme Court

17   and the Ninth Circuit have "often repeated," "in the usual case in which all federal-law claims are

18   eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction

19   over the remaining state-law claims." *Acri*, 114 F.3d at 1001 (quoting *Carnegie–Mellon*

20   *University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (alterations omitted)).

21        Plaintiff has not shown that this is other than the "usual case."  As the Court has not

22   considered the merits of the Unruh Act claim, there is no interest in judicial economy in retaining

23   the case.  Nor has Plaintiff articulated any significant inconvenience that he would face in refiling

24   in state court.  The Court will, therefore, decline to exercise supplemental jurisdiction over

25   Plaintiff's Unruh Act and dismiss it without prejudice.

26

27

28   Case No.: 19-cv-06214-EJD
     ORDER RE CONVERTED MOTION FOR PARTIAL SUMMARY JUDGMENT AND
     MOTION TO DISMISS

United States District Court
Northern District of California

### III.    CONCLUSION

For the reasons set forth above, the Court DISMISSES AS MOOT Plaintiff's ADA claim and DISMISSES his state law claims without prejudice for refiling in state court.

**IT IS SO ORDERED.**

Dated: June 28, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 19-cv-06214-EJD
ORDER RE CONVERTED MOTION FOR PARTIAL SUMMARY JUDGMENT AND
MOTION TO DISMISS

7